**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000388**
**30-OCT-2024**
**08:27 AM**
**Dkt. 82 ORD**

NO. CAAP-23-0000388

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v. JONATHAN P. SPIES, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CPC-21-0001004)

ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and Nakasone, JJ.)

Upon consideration of Plaintiff-Appellee State of Hawai'i's (**State**) October 11, 2024 "Motion for Reconsideration" (**Motion**) and the record and files herein, it appears that:

(1) The State argues that this court's October 3, 2024 memorandum opinion (**Opinion**) "misapplied controlling case law" of State v. Wallace, 80 Hawai'i 382, 910 P.2d 695 (1996) and State v. Long, 98 Hawai'i 348, 48 P.3d 595 (2002), which the State contends do not require "the expert be trained in accordance with any manufacturer's requirements"; and the

Opinion "overlooked" the "controlling" authority of <u>State v. Texeira</u>, 147 Hawai'i 513, 465 P.3d 960 (2020).[1]

(2) These arguments were not presented in the State's answering brief, which solely contended that Defendant-Appellant Jonathan P. Spies (**Spies**) waived his challenge on the first point of error——a contention we rejected as inaccurate in footnote 11 of the Opinion. "Reconsideration is not a device to relitigate old matters or to raise arguments or evidence that could and should have been brought during the earlier proceeding." <u>Sousaris v. Miller</u>, 92 Hawai'i 505, 513, 993 P.2d 539, 547 (2000) (citations omitted).

(3) In any event, <u>Texeira</u> is inapposite because that appellant challenged a different aspect of the required foundation for admissibility of a scientific test result, i.e. whether "<u>the instruments used to conduct the DNA analyses were operated</u> in compliance with the manufacturer's recommendations" (**device operation challenge**). 147 Hawai'i at 516, 465 P.3d at 963 (emphasis added).[2] The <u>Texeira</u> court analyzed the device operation challenge under the third element of the three-part foundation under <u>Long</u>, 98 Hawai'i at 355, 48 P.3d at 602, of "whether the measuring instrument was in proper working order at the time it was used."[3] <u>Texeira</u>, 147 Hawai'i at 531-32, 465 P.3d

---

[1] The State acknowledges in the declaration attached to its Motion that it failed to cite the 2020 <u>Texeira</u> case in its 2024 answering brief.

[2] We note that the <u>Texeira</u> appellant did raise a challenge in the circuit court similar to Spies's, that "the State could not lay a proper foundation establishing that the equipment used to conduct the analyses produced accurate results, unless the user was trained to operate it in the manner recommended by the machine's manufacturer." <u>Texeira</u>, 147 Hawai'i at 519, 465 P.3d at 966. It appears this challenge was not raised on appeal, and it was not addressed by the supreme court.

[3] We cited the identical three-part foundation from <u>State v. Subia</u>, 139 Hawai'i 62, 66, 383 P.3d 1200, 1204 (2016) (cleaned up): "A proper foundation for introducing a test result would necessarily include expert testimony regarding: (1) the qualifications of the expert; (2) whether the

at 978-79.  The Texeira court concluded that, even "without a showing that the DNA tests were conducted in accordance with manufacturer specifications[,]" id. at 529, 465 P.3d at 976 (capitalization altered), the State proved "that the machines used to analyze the DNA evidence in this case were in proper working order at the time they were used," and thus laid sufficient foundation for the admission of the DNA test results. Id. at 532, 465 P.3d at 979.[4]

(4) In this appeal, Spies challenged whether the foundation for the expert's qualification was deficient where the record did not reflect that her training to operate the devices used to analyze the substance was in accordance with device manufacturer recommendations (**operator training challenge**).  Spies's operator training challenge is distinct from Texeira's device operation challenge, and it involves the first element of the three-part Subia/Long foundation regarding "the qualifications of the expert[.]"  See n.3 supra.  We concluded that "the State did not lay sufficient foundation to show [the expert]'s qualifications to operate the three devices used to determine the identification and weight of the recovered substance[,]" and thus the expert's testimony regarding the identity and weight of the substance was not properly admitted. Opinion at *5.

_____

expert employed valid techniques to obtain the test result; and (3) whether the measuring instrument is in proper working order."  (**Subia/Long foundation**)  See Opinion at *4.

[4]     Based on the robust foundation laid in Texeira, the supreme court also concluded that all three elements of the Subia/Long foundation were met. See 147 Hawai'i at 533, 465 P.3d at 980 ("The State laid a proper foundation to the introduction of this evidence [(DNA analysis)] by proving that [the expert] was properly qualified, the techniques Sorenson [(Sorenson Forensics, a private DNA testing lab)] used were valid, and the machines were in proper working order at the time they were used.").

For these reasons, this court did not overlook or misapprehend any point of law or fact when it entered the memorandum opinion.  <u>See</u> Hawaiʻi Rules of Appellate Procedure Rule 40(b).

IT IS HEREBY ORDERED that the Motion is denied.

DATED: Honolulu, Hawaiʻi, October 30, 2024.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge